GASKINS, J.
|2The plaintiff, Shirley Burks, appeals from a city court judgment denying her claim to recover the price paid for furniture that was destroyed in a fire at the home of relatives of the seller, Tyrone Dickens. For the following reasons, we affirm the trial court ruling.
FACTS
Ms. Burks’ house was damaged by a fire at some point in 2009. She began repairing the damage with insurance proceeds and set about purchasing furnishings to replace items lost in the fire. Her son knew that Mr. Dickens had some things at his mother-in-law’s house that he wished to sell. Ms. Burks went to the house and on September 22, 2009, purchased a bedroom suite from Mr. Dickens for $2,500. She gave him a check for that amount. She also purchased a stove, refrigerator, and a dinette set from Mr. Dickens using $250 she borrowed from her son, James Burks.
|sMs. Burks told Mr. Dickens that her house was not complete yet and that she could not remove the furniture and appliances from the premises. The furniture was placed on the carport of the house and wrapped up to protect it from the elements. After about a week, when Ms. *1036 Burks had not come to get her purchases, Mr. Dickens sent her a message to come and claim the items. Ms. Burks called Mr. Dickens and told him that her house was not ready yet and she asked for her money back. Mr. Dickens had used the money to pay a fee or fíne to his probation officer. He told Ms. Burks that she could have more time; no time limit was specified on how long the items could remain with Mr. Dickens’ relatives.
On October 7, 2009, an electrical fire destroyed the house where the items were stored. According to Mr. Dickens, his relatives filed a claim with their insurance; he indicated that the claim had been denied. Ms. Burks insisted on getting her money back. When Mr. Dickens refused to refund the money, Ms. Burks filed suit against him in city court.
A trial on this matter was held on April 12, 2010. The parties were not represented by counsel. Although there were some minor conflicts in the testimony offered by the parties, there was no dispute that Ms. Burks bought items from Mr. Dickens. The parties agreed that the items could remain at the house of Mr. Dickens’ relatives and no date was set for delivery. Mr. |4Pickens spent the money and the items were destroyed in a fire at the house where they were stored.
The trial court applied La. C.C. art. 2467, which provides in pertinent part:
The risk of loss of the thing sold owing to a fortuitous event is transferred from the seller to the buyer at the time of delivery.
The trial court found that on the date of the purchase, Ms. Burks’ people took steps to wrap the furniture and protect it. Therefore, she took possession of her purchases at that point. According to the trial court:
Mr. Dickens agrees to sell and Ms. Burks agrees to buy. That was Ms. Burks’ furniture at that instant. It became her property. I notice that at the minute it became her property, Ms. Burks’ agents began to do some things to protect that furniture. It was raining and they deliberately moved that furniture in under the carport and covered it up to protect it. It seems to me that Ms. Burks was in possession of the furniture in so far as acting on it. Now, she left it in your care ... to come and pick it up, but she owned it. She was to come pick it up at a date uncertain. There was not a specific date. I don’t find that there was a specific date determined. But that would put it in the realm of being a reasonable time.
[[Image here]]
The delivery took place out there under that carport. You could have carried it away. So, I find in favor of the defendant.
|sThe trial court found that the plaintiff left the items in Mr. Dickens’ care as a matter of accommodation and as an uncompensated bailment. The court stated that if there had been some insurance money covering the items, it would have been given to Ms. Burks. A judgment rejecting Ms. Burks’ claim was signed April 12, 2010.
Ms. Burks and Mr. Dickens represented themselves in the trial court. Ms. Burks appealed the trial court ruling in proper person. She disputes the trial court’s finding that the furniture was delivered to her. Mr. Dickens has not filed a brief in this matter.
LEGAL PRINCIPLES
The Louisiana Civil Code articles on sales were revised by Acts 1993, No. 841, § 1, and became effective January 1, 1995. According to La. C.C. art. 2456, ownership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid. The *1037 comments to the article specify that the provision changes the law insofar as it confínes the effect of the parties’ consent to the transfer of ownership alone, excluding risk. La. C.C. art. 2467 provides that the risk of loss of the thing sold owing to a fortuitous event is transferred from the seller to the buyer at the time of delivery. The revision comments state that the article is new and changes the law insofar | nas it provides that the risk of loss is transferred to the buyer at the moment of delivery rather than upon consent. Prior to the revision, the buyer was burdened with the risk of loss of the thing sold from the moment of consent and even before delivery.
La. C.C. art. 2477 states that delivery of a movable takes place by handing it over to the buyer. If the parties so intend, delivery may take place in another manner, such as by the seller’s handing over to the buyer the key to the place where the thing is stored, or by negotiating to him a document of title to the thing, or even by the mere consent of the parties if the thing sold cannot be transported at the time of the sale or if the buyer already has the thing at the time. The revision comments to this provision state that the article presupposes that delivery is the transferring of the thing sold into the power and possession of the buyer or the making of the thing available to the buyer by the seller.
One of the obligations of the seller is to deliver the thing sold. See La. C.C. art. 2475. Delivery must be made at the place agreed upon by the parties or intended by them. In the absence of such agreement, delivery must be made at the place where the thing is located at the time of the sale. La. C.C. art. 2484. The seller must deliver the thing sold in the condition that, at |7the time of the sale, the parties expected, or should have expected, the thing to be in at the time of delivery, according to the nature. La. C.C. art. 2489.
The buyer is bound to pay the price and to take delivery of the thing. La. C.C. art. 2549. The comments to this article state that the provision changes the law by eliminating the buyer’s liability for expenditures made by the seller for the preservation of the thing before delivery. That elimination is consistent with the change effected by the revision in the allocation of risk of loss. While under the Louisiana Civil Code of 1870 risk was transferred upon perfection of the contract, under the revision, risk is transferred upon delivery.
DISCUSSION
In this matter, the ownership of the furniture and appliances was transferred to Ms. Burks at the time she and the Mr. Dickens agreed on the thing and the price. The risk of loss of the items due to a fortuitous event was not transferred until delivery. However, the trial court correctly found that, under the facts presented here, delivery occurred at the time of the sale because the items were available for Ms. Burks to claim at her discretion.
When movables remain in the possession of the seller, La. C.C. art. 2477 gives an example of delivery being perfected when the seller hands over to the buyer the key to the place where the thing is stored. The | ^comments to the article explain that delivery is accomplished by the seller making the thing available to the buyer. It is the buyer’s unlimited access to the movable that is determinative of delivery. The items purchased by Ms. Burks were available for her to pick up at any time. Therefore, under these facts, delivery occurred at the time of the sale and the risk of loss of the items due to a fortuitous event was transferred to Ms. Burks.
CONCLUSION
For the reasons stated above, we affirm the judgment of the city court. Costs in *1038 this court are assessed to the plaintiff, Shirley Burks.
AFFIRMED.